UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILTON SIERRA | ) | Case Number |
| Plaintiff, | ) | |
| vs. | ) | CIVIL COMPLAINT |
| FIRST CREDIT SERVICES, INC. | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Milton Sierra, by and through his undersigned counsel, Bruce K. Warren, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Milton Sierra (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA")

and various other state laws, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II.     JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and Plaintiff resides in this District.

## III.     PARTIES

4. Plaintiff, Milton Sierra ("Plaintiff") is an adult natural person residing at 3050 Longshore Avenue, Philadelphia PA 19149.

5. Defendant, First Credit Services, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 1 Woodbridge Center, Suite 410, Woodbridge NJ 07095.

6. Defendant is engaged in the collection of debts from consumers using the mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. On or about June 22, 2009, Plaintiff began to receive calls from Defendant with regard to an alleged consumer debt, namely a Retro Fitness Health Club membership.

8. On or about June 22, 2009, Plaintiff spoke to Defendant's agent, Rob. Plaintiff explained that he had been in a motorcycle accident and, although short on cash, had made an arrangement with Retro Fitness Health Club to pay the alleged debt.

9. Plaintiff requested that Defendant not call him anymore.

10. Defendant's agent, Rob stated that Defendant would call Plaintiff as many times as necessary to get the Plaintiff to pay them the alleged debt.  Plaintiff ended the call.

11. Defendant, by and through its agents, began to call Plaintiff everyday and hang up when he answered.

12. Finally, on or about July 2, 2009, Defendant's agent Rob called Plaintiff and indicated that if Plaintiff did not pay immediately, Defendant would begin to pursue legal action against him.

13. Plaintiff stated that he was going to pay Retro Fitness Health Club the following week.

14. Defendant's agent, Rob stated that Plaintiff must pay NOW or Defendant would begin the legal process and indicated that they were going to contact an attorney. Plaintiff ended the call.

15. Defendant does not intend to sue Plaintiff with regard to the alleged debt. Defendant's agents falsely misrepresented to the Plaintiff that Defendant was prepared to do just that.

16. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

17. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

18. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish

and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### COUNT ONE – FDCPA.

22. The above paragraphs are hereby incorporated herein by reference.

23. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), d, d(2), d(5), d(6), e, e(2), e(7) e(10), e(11), f and g.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, First Credit Services, Inc. and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT TWO – PA FCEUA
## PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

25. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

26. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

27. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

28. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

29. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

30. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

31. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

32. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

WHEREFORE, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT THREE – PA UTP CPL
### PENNSYLVANIA UINIFORM TRADE PRACTICES & CONSUMER PROTECTION LAW
### ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

33. The foregoing paragraphs are incorporated herein by reference.

34. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

35. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

36. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b.    Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c.    Defendant failed to comply with the FDCPA and FCEUA which are *per se* violations of the UTPCPL.

37.    As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

38.    By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

    a.    An Order declaring that Defendant violated the UTPCPL;

    b.    Actual damages;

    c.    Treble damages;

    d.    An award of reasonable attorney's fees and expenses and cost of suit; and

    e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

`Date: July 16, 2009           BY: **/s/ Bruce K. Warren**
Bruce K. Warren, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff